IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01109-MSK-BNB

JOHN STURGIS,

Plaintiff,

v.

SERGEANT BRIAN CUMMINGS, individually,
RICHARD HALLMAN, individually,
DETECTIVE DONALD CHAGNON, individually,
SERGEANT CRAIG SIMPSON, individually, and
CITY OF COLORADO SPRINGS,

Defendant.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion for Leave to File Second Amended Complaint [etc.]** [Doc. # 29, filed 12/4/2013] (the "Motion to Amend"), which is GRANTED.

The plaintiff commenced this action by filing a Complaint [Doc. # 1] on April 25, 2013. He filed an Amended Complaint [Doc. # 8] on May 2, 2013.  The Amended Complaint asserts claims of false arrest and excessive force; deliberately indifferent policies and procedures in connection with handcuffing persons placed under arrest; battery; and negligence.

The City of Colorado Springs moved to dismiss the Amended Complaint under Rule 12(b)(6) arguing that the plaintiff had failed to plead sufficient facts to establish a plausible right to relief.  Motion to Dismiss [Doc. # 13, filed 6/7/2013].  The plaintiff responded, arguing that his Amended Complaint was adequate or, alternatively, requesting an opportunity to plead "the details of the just obtained mandatory handcuffing policy. . . ." Response [Doc. # 15, filed

6/21/2013] at p. 15.

In a Scheduling Order [Doc. # 20] entered on August 7, 2013, I set the deadline to amend pleadings as November 15, 2013.  The Motion to Amend was not filed until December 4, 2013.  The City of Colorado Springs argues that the Motion to Amend is untimely; that the plaintiff must establish good cause to extend the deadline to amend; and that no good cause exists, citing Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000).  Good cause exists where "scheduling deadlines cannot be met despite a party's diligent efforts."  Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001).

In this case, the plaintiff notified the City of Colorado Springs and the court of its intention to seek amendment, if necessary, in its Response [Doc. # 15].  Although it should have brought the Motion to Amend [Doc. # 8] prior to the November 15 deadline, it was not unreasonable to await a ruling on the Motion to Dismiss.  The plaintiff did not fail to exercise sufficient diligence to justify the brief extension (19 days) of time to file the Motion to Amend.  Under the unique facts of this case, the strong preference to decide cases on the merits and not on technical defaults mandates that the deadline to amend be extended through December 4, 2013, and that the Motion to Amend be deemed timely.

IT IS ORDERED:

(1)     The deadline to seek leave to amend is extended to and including December 4, 2013;

(2)     The Motion to Amend [Doc. # 29] is GRANTED, and the Clerk of the Court is directed to accept for filing the Second Amended Civil Rights Complaint [Doc. # 29-1];

(3)     In view of the Second Amended Complaint, the City of Colorado Springs' Motion

to Dismiss [Doc. # 13] is DENIED without prejudice as moot; and

(3) The hearing on the Motion to Amend set for January 15, 2013, at 3:00 p.m., is VACATED.

Dated January 15, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge